IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARTALLIUS TRAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-818-JPG |
| | ) |
| MEARL J. JUSTUS | ) |
| PHILLIP MCLAUREN, and | ) |
| THOMAS TRICE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Dartallius Traylor, currently detained at St. Clair County Jail, in the Central District of Illinois, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Justus, sheriff, Defendant McLauren, superintendent and Defendant Trice. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Upon review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Plaintiff's complaint appears to be a litany of general objections to being housed with numerous other detainees or prisoners. He finds this to be an improper and dangerous situation and requests those in authority to be held accountable. Plaintiff names in his caption Defendants Justus, McLauren and Trice but does not state sufficient facts or grounds in order to bring a claim against any of these defendants for any constitutional violation. Additionally, Plaintiff lists in the body of his pleading forms, more than 34 other defendants, including fellow inmates, but makes no allegations against them.

Plaintiff requests prosecution of officers and inmates, dismissal of his criminal case and expungement of his record, along with compensatory and punitive damages.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff has failed to articulate a violation of any of his Constitutionally protected rights. This complaint shall be dismissed without prejudice.

**Pending Motions**

Plaintiff's Motion to File Supplement (Doc. 12) is denied. Piecemeal supplements to the complaint are disallowed by the Court. Plaintiff's Motion for Leave to Proceed in form pauperis (Doc. 13) is denied as moot. Plaintiff was granted pauper status by the Court in a previous order (Doc. 8).

**Disposition**

The claims and the entire action against Defendants **JUSTUS, MCLAUREN and TRICE** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE** this case and final judgment shall enter**.**

**IT IS SO ORDERED.**

**DATED:   August 28, 2012**

                                                                    *s/J. Phil Gilbert*
                                                            **United States District Judge**

3